# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CAROL L. BRINK-MEISSNER,<br>　　　　　　Appellant, | DOCKET NUMBER<br>PH-844E-14-0077-I-1 |
| 　　　　v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　　Agency. | DATE: August 5, 2014 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Elliott Andalman</u>, Esquire, Silver Spring, Maryland, for the appellant.

<u>Thomas Styer</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed as untimely filed her appeal of the Office of Personnel Management (OPM)'s reconsideration decision denying her application for disability retirement. For the reasons discussed w, we GRANT the appellant's petition for

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

review, REVERSE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Order.

¶2     OPM denied the appellant's application for disability retirement in an August 22, 2013 reconsideration decision. Initial Appeal File (IAF), Tab 1 at 8-12. The decision, received by the appellant on August 24, 2013, and by her designated attorney on August 26, 2013, stated that, if the appellant wished to file an appeal, she must do so within 30 calendar days of the date of the decision, or 30 days after receipt, whichever was later. *Id.* at 11-12. The appellant's attorney e-filed an appeal on her behalf on October 18, 2013. *Id.* at 1.

¶3     OPM moved that the appeal be dismissed as untimely filed, arguing that, given the date(s) of receipt of the reconsideration decision, the appeal had to be filed by September 25, 2013, that allowing for the shutdown of the federal government from October 1 through 17, 2013, the appeal was 6 days late, and that the appellant had failed to show good cause for the filing delay. IAF, Tabs 4, 9. In response, the appellant's attorney stated that, unbeknownst to him, the decision was erroneously date stamped as being received in his office on September 4, 2013, and that, allowing for the shutdown, he timely filed the appeal within 30 days of that date. IAF, Tab 5 at 7-8. He further stated that the appellant took steps to make sure that her attorney would timely file the appeal and that, in assuring her that he would do so, he unintentionally misled her. *Id.* at 6. For these reasons, the appellant's attorney urged the administrative judge to waive the 6-day filing delay.

¶4     The administrative judge dismissed the appeal as untimely filed. IAF, Tab 10, Initial Decision (ID) at 1, 6. She found that the appellant is responsible for the actions and omissions of her chosen representative, ID at 5, and that miscalculation of the number of days in which to file an appeal is not good cause for waiver of the filing deadline, ID at 5.

¶5       The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, OPM has responded in opposition, PFR File, Tab 3, and the appellant has replied to that response, PFR File, Tab 4.

¶6       The administrative judge found, and it well established, that an appellant is generally responsible for the errors of his chosen representative. *See Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981). However, the Board has held that it is inappropriate to apply the *Sofio* principle if an appellant shows that her diligent efforts to prosecute her appeal were thwarted, without her knowledge, by her attorney's deceptions and negligence. *Dunbar v. Department of the Navy*, 43 M.S.P.R. 640, 643-45 (1990). As set forth below, we find that the appellant has made the requisite showing under *Dunbar* in this case.

¶7       The appellant's attorney acknowledges that, regarding the date stamp, a member of his office staff "inexplicably" committed an error upon which he reasonably relied and that any neglect on his part in relying on that date stamp was excusable neglect. IAF, Tab 8 at 16. The Board has found that excusable neglect must be based on more than mere forgetfulness and that it may be shown if the neglectful behavior is such as might be expected on the part of a reasonably prudent person under the circumstances. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 n.1 (1980). We have no reason to doubt the accuracy of the account the appellant's attorney has given concerning the filing of the appeal. His allegations are supported by his sworn statement, IAF, Tab 5 at 10-11, and have not been rebutted by the agency, *see Dunbar*, 43 M.S.P.R. at 644.

¶8       In addition, the appellant's allegations regarding her actions are supported by her sworn statement, IAF, Tab 5 at 12-13, and have not been rebutted by the agency. She explained that, when she received OPM's reconsideration decision on August 24, 2013, she notified her attorney that she wished him to file an appeal on her behalf and that, on August 26, 2013, she dropped off a copy of OPM's decision at her attorney's office and spoke with her attorney's senior paralegal who told her that her attorney would timely file the appeal. Thereafter,

she stated, she contacted the attorney's office five or six times during the week following her receipt of OPM's decision to be sure that the appeal would be timely filed and that she also explained that she would be out of town for a month and was assured that the appeal would be timely filed. She indicated that she contacted the office upon her return on October 3, 2013, and was advised by her attorney that he had attempted to file the appeal on October 2, 2013, but had been unable to do so, due to the government shutdown, and that he would e-file the appeal when the shutdown was over, which he did, explaining to her that the 30-day time limit had not yet run, as he had not received OPM's reconsideration decision until September 4, 2013. The appellant stated that she relied on the assurances of her attorney that the appeal would be timely filed and that she was misled by him, believing that he would timely file the appeal on her behalf. *Id.* We find, under the circumstances, that the appellant's reliance on her attorney's assurances was reasonable. *See Dunbar*, 43 M.S.P.R. at 644; *see also Sullivan v. Office of Personnel Management*, 88 M.S.P.R. 499, ¶¶ 8-9 (2001); *Crawford v. Department of State*, 60 M.S.P.R. 441, 446 (1994); *cf. Lagreca v. U.S. Postal Service*, 114 M.S.P.R. 162, ¶ 10 (2010) (good cause for untimely filing not shown where the appellant failed to assert that she actively monitored her appeal).

¶9        In view of the above, we find that the appellant has shown good cause for the 6-day delay in filing her appeal.[2] *See Dunbar*, 43 M.S.P.R. at 645. In so finding, we acknowledge that the Board has placed a high priority on resolving retirement benefits cases on the merits, *see Karker v. Office of Personnel Management*, 80 M.S.P.R. 235, ¶ 9 (1998), on the basis that such cases are not adversarial proceedings, and thus "any doubt as to whether the Board should waive the filing deadline for an adjudication on the merits should be resolved in

---

[2] Our determination is unaffected by the appellant's claim regarding the merits of her claim before OPM, PFR File, Tab 1 at 5-6, which has no bearing on the issue of timeliness, *cf. Santillan v. Department of Homeland Security*, 98 M.S.P.R. 78, ¶ 8 (2004) (an appellant's discussion of the merits is irrelevant to the issue of the timeliness of his petition for review).

favor of the appellant . . . . " *Id.* (citing *Edney v. Office of Personnel Management*, 79 M.S.P.R. 60, 61-63 (1998)). We further note that OPM has not asserted that its ability to defend this appeal was prejudiced by the brief filing delay. We therefore waive the filing deadline. *See Sullivan*, 88 M.S.P.R. 499, ¶ 10; *Crawford*, 60 M.S.P.R. at 446.

## ORDER

For the reasons discussed above, we REVERSE the initial decision and REMAND this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                      _____
                                    William D. Spencer
                                    Clerk of the Board

Washington, D.C.